**United States Bankruptcy Court**
**Middle District of Tennessee**

IN RE: BRADLEY H. PRICE
      KELLY L. PRICE

Case No.: 309-11878
SSN: XXX-XX-2422      SSN: XXX-XX-4614      Chapter 13

**CHAPTER 13 PLANS AND MOTIONS**      __x__ Original    _____ Amended    Date: 10/15/09

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. Any person wishing to NOT ACCEPT the plan should do so in writing prior to the conclusion of the meeting of creditors. A creditor electing to "NOT ACCEPT" the plan shall not be deemed to have raised an objection to the plan unless objection is separately submitted. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

1. **PAYMENT AND LENGTH OF PLAN**

    **(a)** Debtor shall pay $_____ per _____ to the Chapter 13 Trustee starting _____ for approximately _____ months. This date can be no later than 30 days after the filing of the petition. The amount may be altered if a creditor rejects the plan.

    _____ A payroll deduction order will issue to the Debtor's employer:

    _____ Debtor will pay directly to the Trustee.

    **(b)** Joint Debtor shall pay **$111.00 PER WEEK** to the Chapter 13 Trustee starting _____ for approximately **60** months. This date can be no later than 30 days after the filing of the petition. The amount may be altered if a creditor rejects the plan.

    __X__ A payroll deduction order will issue to Joint Debtor's employer:  **P&D QUICKSTOP**
        **9554 HWY. 70 E.**
        **MCEWEN, TN 37101**

    _____ Joint Debtor will pay directly to the Trustee.

    **(c)** Other payments to the Trustee: _____

    **(d)** Total amount to be paid to the Trustee shall not be less than $_____ ("Base"). This amount may be altered

if a creditor rejects the plan.

## 2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)

All priority claims, if allowed will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMT. | MONTHLY PMT. |
|---|---|---|---|
| BANKRUPTCY COURT | FILING FEE | $274.00 | |
| ROY WILSON | ATTY. FEE | $3,500.00 | $300.00 |

The Trustee/Debtor shall pay post-petition Domestic Support Obligations as follows:

| DSO CREDITOR | ARREARAGE AMOUNT | CONTINUING MONTHLY PMT. |
|---|---|---|
| RENEE HAAS | $0 | CURRENT AND TO BE PAID |
| | | |

## 3. PRIORITY CLAIMS SUBJECT TO SUBORDINATION

Pursuant to § 1322(a)(4), the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| | | |
| | | |

## 4. SECURED CLAIMS NOT SUBJECT TO § 506

The following debts were incurred within 910 days and secured by a purchase money security interest in an automobile or incurred within one year and secured by a purchase money security interest in other things of value.

**(a)** The Plan DOES propose to limit the secured claims listed below to the value of the collateral (cram down). Debtor requests the below listed creditors ACCEPT this proposed plan.

| CREDITOR | COLLATERAL | SCHEDULED | VALUE | INT. RATE | PER MO. |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

If creditor _____ noted above OBJECTS to the plan or REJECTS the plan, the plan provides for the surrender of the collateral, and the payments proposed in paragraph 1(a) shall be $_____ per _____ and the total amount to the Trustee shall be not less than $_____.

If creditor _____ noted above OBJECTS to the plan or REJECTS the plan, the plan provides for the surrender of the collateral, and the payments proposed in paragraph 1(a) shall be $_____ per _____ and the total amount to the Trustee shall be not less than $_____.

Any creditor listed herein that seeks to REJECT the treatment proposed herein should file such Rejection prior to the conclusion of the meeting of creditors. A written REJECTION will not constitute an objection. Any creditor that fails to file such notice

that it does "NOT ACCEPT" the plan or raises objection to confirmation of the plan prior to the conclusion of the meeting of creditors will be deemed to have ACCEPTED the Debtors' proposed plan.

**(b)** Debtor proposes to pay the claims below in full and, pursuant to § 1325(a), not subject such claims to valuation.

| CREDITOR | COLLATERAL | SCHEDULED DEBT | INT. RATE | PER MO. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

### 5. PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS

The Debtor proposes that the Trustee make adequate protection payments, prior to the effective date of the plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | AMOUNT OF ADEQUATE PROTECTION PAYMENT |
|---|---|
|  |  |
|  |  |
|  |  |

The Trustee shall commence making such adequate protection payments to creditors holding allowed claims secured by a purchase money security interest in personal property as soon as practicable after the filing of a proof of claim by such creditor.

### 6. SECURED CLAIMS AND MOTION TO VALUE COLLATERAL

Debtor moves to value the collateral as indicated. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The excess of creditor's claim shall be treated as an unsecured claim. Any claim listed as "NO VALUE" in the value column below will be treated as an unsecured claim, and the lien avoided.

| CREDITOR | COLLATERAL | SCHEDULED | VALUE | INT. | PER MO. |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under the plan until an amended proof of claim is filed by such creditor reflecting any deficiency balance remaining following surrender.

| CREDITOR | COLLATERAL | ESTIMATED DEFICIENCY |
|---|---|---|
| GEMB | 4WHEELER | $2,700.00 |
| DELL | LAPTOP, CAMERA | $2,800.00 |
| HSBC | 4WHEELER | $6,000.00 |

### 7. UNSECURED CLAIMS

Allowed non-priority unsecured claims shall be paid:

_____ The Debtor shall pay sufficient funds to provide a pool to unsecured creditors of $_____ ("Unsecured Pool"). Payments to unsecured priority and general creditors will be made from this pool.

    X    Not less than    70%    percent.

           Any excess funds received by the Trustee shall be used to increase the unsecured pool.

## 8. CURING DEFAULT AND MAINTAINING PAYMENTS

Trustee shall pay the allowed claims for arrearages, and Trustee shall pay the post-petition monthly payments to creditor.

| **CREDITOR** | **COLLATERAL** | **EST. ARREARAGE** | **LAST MO. IN ARREARS** | **INT. RATE ON ARREARAGE** | **REGULAR PMT. AMOUNT** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and leases are rejected, except the following are assumed:

| **CREDITOR** | **PROPERTY DESCRIPTION** | **TREATMENT UNDER PLAN** |
|---|---|---|
|  |  |  |
|  |  |  |

## 10. OTHER PLAN PROVISIONS AND MOTIONS

**(a)**     **Motion to Avoid Lien under § 522(f)**
Debtor moves to avoid the following liens that impair exemptions:

| **CREDITOR** | **COLLATERAL** |
|---|---|
|  | **MISC. HOUSEHOLD GOODS** |
|  | **MISC. HOUSEHOLD GOODS** |

**(b)**     **Lien Retention and Motions to Avoid liens**
Except as provided above in Section 7, allowed secured claim holders retain liens until liens are released upon completion of all payments under the plan.

**(c)**     **Debtor's Certificate of Compliance with § 521 and Motion for Order Acknowledging Compliance**
Debtor's Counsel (or Debtor, if not represented by counsel) certifies that all information required under § 521(a)(1)(B) has been filed and/or submitted to the Trustee and moves the court for an order that such information satisfied the requirements of § 521 and that the case is not dismissed under § 521(i).

**(d)**     **Separately Classified Unsecured Claims**
(1) Cosigned claims shall be treated as follows:

| **CREDITOR** | **COSIGNER** | **TREATMENT** | **AMOUNT** |
|---|---|---|---|
|  |  |  |  |

(2) Other classified unsecured claims:

| **CREDITOR** | **REASON FOR CLASSIFICATION** | **TREATMENT** | **AMOUNT** |
|---|---|---|---|
|  |  |  |  |

**(e) Vesting of Property of the Estate**
Property of the Estate shall revest in the Debtor:

    _____Upon Confirmation     __X__ Upon discharge or dismissal     _____Other _____

**(f) Direct Payment by Debtor**
Secured payments and lessors to be paid directly shall continue to mail to Debtor notwithstanding the automatic stay the customary monthly notices or coupons.

**(g) Order of Distribution**
Trustee shall pay allowed claims in the following order:

(1) _____
(2) _____
(3) _____
(4) _____
(5) _____
(6) _____

**(h) Other, Special Provisions of the Plan Not Elsewhere Described:**

**The Debtor hereby moves that the preceding provisions be incorporated into the Order of Confirmation. The Debtor further moves that the Trustee disburse an initial payment to the Debtor's attorney for application to the fee approved for representation of the Debtor in this cause, with said initial payment to consist of all funds on hand at the time of confirmation, excluding those funds that are necessary for designated payments to secured creditors, filing fees, notice fees and Trustee's fees**

 

                         **/s/ Roy N. Wilson**
                         ROY N. WILSON
                         Debtor's Attorney